UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6:16-CR-045 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| EUGENE PRICE, | ) | **ORDER DENYING MOTION FOR** |
| | ) | **COMPASSIONATE RELEASE** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Eugene Price's *pro se* Motion for Sentence Reduction (Compassionate Release). [R. 53]. In the Motion, Defendant also moves the Court to appoint counsel. *Id.* at 6. The United States has responded in opposition. [R. 57], arguing that Defendant failed to exhaust his administrative remedies. Defendant supplemented his Motion multiple times, [R. 55; R. 59], and also filed additional support demonstrating exhaustion. [R. 58]. The matter is ripe for review. For the reasons stated herein, Defendant's Motion is denied.

## I.  Background

On September 18, 2017, Defendant pleaded guilty to two crimes: conspiracy to distribute 50 grams or more of a mixture containing methamphetamine (Count 1), and possession of a firearm in furtherance of a drug trafficking offense (Count 3). [R. 29; R. 30. R. 31; R. 32; R. 34; R. 51 (Judgment)] His Guideline Range was 92-115 months on the conspiracy count, plus a mandatory consecutive 5 years on the § 924(c) gun charge, Count 3. [Presentence Report (PSR), p. 28, as amended in the Statement of Reasons]. This Court sentenced Mr. Price to 112 months imprisonment on Count 1, and 60 months imprisonment on Count 3 consecutive to Count 1, for a

- 1 -

total term of imprisonment of 172 months, followed by 4 years supervised release. [R. 51]. He is currently serving his sentence at the Federal Correctional Institute at Gilmer (FCI Gilmer). [R. 53, p. 6]. His projected release date is December 20, 2028. [R. 55-1, p. 1]. On July 16, 2021, Defendant moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," in light of the COVID-19 pandemic. [R. 53]. That motion included a request for the Court to appoint counsel. *Id.* at 6.

## II.     Legal Standard

The compassionate-release statute allows the Court to reduce the term of imprisonment and impose a term of probation or supervised release under certain narrow circumstances. Section 3582(c) provides that:

> The court **may not** modify a term of imprisonment once it has been imposed **except that**—
>
> (1) In any case—
>
>> (A) **the court**, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, **may reduce the term of imprisonment** (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), **after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—**
>>
>>> (i)  **extraordinary and compelling reasons warrant such a reduction . . .**
>>>
>>> **and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.**

18 U.S.C. § 3582(c)(1)(A) (emphasis added). Prior to the First Step Act of 2018 (FSA), Pub. L. No. 115-391, 132 Stat. 5194 , only the director of the Bureau of Prisons (BOP) could move for a sentence reduction under section 3582(c). 18 U.S.C. § 3582(c)(1)(A) (2017); *United States v.*

- 2 -

*Jones,* 980 F.3d 1098, 1104 (6th Cir. 2020). However, under the FSA, courts may now consider

motions by defendants so long as the defendant satisfied the statute's exhaustion requirement—

that is, "after the defendant has fully exhausted all administrative rights to appeal a failure of the

Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the

receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18

U.S.C. § 3582(c)(1)(A). Exhaustion by one of the two means listed is a "mandatory condition" to

the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833−35 (6th Cir.

2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at

834.

Upon satisfying the exhaustion requirement (or upon waiver by the government of this

requirement), the statute requires the Court to undertake a three-step test in reviewing

compassionate-release motions. *Jones*, 980 F.3d at 1107–08. At step one, the Court must "find"

whether "extraordinary and compelling reasons" warrant a sentence reduction. *Id*.; 18 U.S.C. §

3582(c)(1)(A)(i). At step two, the Court must "find" whether a reduction in the sentence is

"consistent with applicable policy statements issued by the Sentencing Commission." *Id*. at

1108; 18 U.S.C. § 3582(c)(1)(A)(i). At step three, the Court must "consider any applicable §

3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one

and two] is warranted in whole or in part under the particular circumstances of the case." *Jones*,

980 F.3d at 1108 (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)). In reference to step

two, the Sentencing Commission in 2006 issued its policy statement in § 1B1.13 of the United

States Sentencing Guidelines and the application notes to that section. *See* 28 U.S.C. § 994(t);

U.S.S.G. § 1B1.13 (2006). However, because this policy statement has not been updated since

passage of the First Step Act in December 2018, the Sixth Circuit recently held that § 1B1.13 is

inapplicable to compassionate-release motions filed by the prisoner (as opposed to motions filed by the Director of the Bureau of Prisons). *Jones*, 980 F.3d at 1109–11; *see also United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Consequently, in cases like this one, where the defendant files a motion for compassionate release, "federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111. Further, "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519. Of course, when granting a compassionate-release motion, the district court must address all three steps in its analysis. *Id.* The defendant bears the burden of establishing a sentence reduction is warranted. *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

With these standards in mind, the Court will now turn to the substance of Defendant's Motion.

### III.    Discussion

#### A.    Appointment of Counsel

Defendant asked the Court to appoint counsel. [R. 53, p.6] There is no constitutional or statutory requirement to appoint counsel where, as here, a defendant moves for post-conviction relief. *Shedwick v. Warden N. Cent. Corr. Inst.*, No. 16-3203, 2016 WL 11005052, at *3 (6th Cir. Dec. 30, 2016); *see also United States v. Webb*, 565 F.3d 789 (11th Cir. 2009) (collecting cases). The Court may appoint counsel if doing so is in the interest of fairness. *See United States v. Ryerson*, No. 3:09-CR-66-TAV-CCS-1, 2020 WL 3259530, at *2 (E.D. Tenn. June 16, 2020). But where an underlying motion of compassionate release will fail, appointing counsel would be futile. *Id.* Further, the issues here are straightforward and resolvable upon a review of the record,

and Defendant has proven to be a diligent, effective advocate. Accordingly, appointment of counsel is unnecessary.

### B.     Compassionate Release

As an initial matter, the Court will first address whether Defendant has satisfied the administrative exhaustion requirement. *Alam*, 960 F.3d at 833−35. Although his original Motion did not demonstrate exhaustion, he has since filed evidence in the record demonstrating that he has now exhausted his administrative remedies.  On September 10, 2021, the FCI Gilmer warden denied his request for early release. [R. 58-1, p. 1]. The Motion is now timely and properly before the Court. *Alam*, 960 F.3d at 833−35.

1. <u>Extraordinary and Compelling Reasons</u>

The Court next considers whether the Defendant meets the substantive requirements for compassionate release as outlined by the Sixth Circuit in *Jones*. At step one, the Court must find that "extraordinary and compelling reasons" warrant a sentence reduction. § 3582(c)(1)(A)(i); *Jones*, 980 F.3d at 1107–08. The statute does not define "extraordinary and compelling" and, as mentioned above, the *Jones* Court recently held that the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13 is inapplicable. *Jones*, 980 F.3d at 1111. Consequently, until the Sentencing Commission updates § 1B1.13 post–First Step Act, "district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1110.

In his Motion and related amendments, Defendant argues for compassionate release because of family circumstances and his own health issues. Specifically, he notes his father's "rapidly deteriorating" health and the recent death of his mother, who formerly attended to his father's care. [R. 53, p. 5]. Most recently, an uncle assisted with his father's care, but that uncle,

- 5 -

too, has passed away. [R. 59, p. 2]. He also cites the significant health concerns of his fiancée,
who recently underwent emergency surgery twice to put stints in the main arteries of her heart
and has no one to care for her young children, given the health problems of her own parents. [R.
53, p. 5; R. 59, p.p. 1-2]. Mr. Price requests an order directing the U.S. Probation office to
conduct an investigation into his "family circumstances." [R. 59, p. 1]. He further advises he
suffers from PTSD and is obese (with a BMI of 46), placing him at greater risk of significant
complications from COVID-19. *Id.*; [R. 58, pp. 2-4]. He attaches a release plan as well.  [R. 53,
pp. 3-7].

Still, even if Defendant met the first step of the compassionate-release test—that is, if the Court
found "extraordinary and compelling" circumstances based on his family circumstances and
personal health issues—the Court finds that the § 3553(a) factors (Step 3) do not warrant a
sentence reduction under the particular circumstances of this case.

 2.  Balancing Under § 3553(a)

 The Court has thoroughly reviewed the briefs and the factual record in this case in light
of the § 3553(a) sentencing factors (and their purpose), which include in part: the nature and
circumstances of the offense; the Defendant's history and characteristics; and the need for the
sentence to reflect the seriousness of the offense, promote respect for the law, provide just
punishment, afford deterrence, protect the public from further crimes, and avoid unwarranted
sentencing disparities. § 3553(a)(1)–(7); *see also Jones*, 980 F.3d at 1112–16 (discussing the
district court's obligation to weigh the § 3553(a) factors and provide specific factual reasons for
its decision that furnish a thorough factual record for review). This Court need not "specifically
articulat[e]" every single § 3553(a) factor as part of its analysis. *Jones*, 980 F.3d at 1114. Rather,
the record "as a whole" (the original sentencing proceeding and the modification proceeding)

must confirm the district court considered the "pertinent" factors. *Id.* at 1115. This Court has thoroughly reviewed the sentencing proceedings in this case, along with the parties' arguments and submissions related to the current Motion, and is convinced that release is not warranted under the statutory factors.

First, the "nature and circumstances of the offense and the history and characteristics of the defendant" weigh against release. § 3553(a)(1). As to the "nature and circumstances," Defendant's offense was extremely dangerous. Mr. Price conspired with others to distribute over 50 grams of a mixture of meth, and he used a gun to further his drug trafficking. [R. 31 (Plea Agreement); R. 51]. A search of his home in October 2016 uncovered about 99 grams of methamphetamine, security cameras attached to the home, a loaded revolver, and multiple cell phones and tablets. [Presentence Report (PSR), pp. 5-7]. As to the "history and characteristics," Defendant's lengthy criminal history places him in Category VI, the highest level. *Id.* at 20. His lengthy and troubling criminal history contains convictions for auto theft and receiving stolen property, multiple felony burglaries, unlawful transaction with a minor, felony promoting contraband, violations of protective orders, assault, failure to appear and many other offenses. [PSR, pp. 11-20].

Turning to the other factors, the Court understands that Defendant received a long sentence of incarceration in this case, but release at this point would not "reflect the seriousness of the offense, []promote respect for the law, and []provide just punishment for the offense." § 3553(a)(2). Indeed, granting the relief requested would undercut the dual goals of promoting respect for the law and providing just punishment, especially given that Defendant has served less than half of his 172-month sentence. The Court thoroughly reviewed all the § 3553(a) factors at Defendant's original sentencing hearing and has done so again. The same factors that

warranted a substantial sentence also weigh against a sentence reduction at this time. Further, the Court carefully considered the mitigating factors in Mr. Price's background, including his poor upbringing, the trauma suffered as a child after a firebomb attack on his home, and his substantial efforts to help with the care and financial needs of his parents, girlfriend (and her family), and members of the community. The Court is also encouraged by Mr. Price's mature desire to care for his ailing family members and the efforts he has made to be prepared for a productive re-entry to society upon service of his sentence. He attached multiple program review reports demonstrating he has used his time in custody wisely, completing a drug education program and several educational courses. [R. 55-1, pp. 1-9]. Mr. Price demonstrates he has changed his thinking, taken responsibility for his actions and desires to live the rest of his life productively:

> My life and thought process has been forever changed. I realize how precious life is and I intend on living the rest of my life working to make my Mom proud of her son. This does not mean merely staying out of trouble, but finding ways to be a positive and productive member of society. . . . I am not the same person I was in the past. I have matured and learned more than I can put into words.

[R. 55, p. 2]. The Court is greatly encouraged by the maturity and sincerity of Mr. Price. But this Court's job is to assess *all* the relevant statutory factors. Release at this point would fail to deter criminal conduct generally, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. That is, consideration of *all* the § 3553(a) sentencing factors precludes early release.

Accordingly, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1. Defendant Eugene Price's Motion for Compassionate Release [**R. 53**] is **DENIED**.

2. Defendant will not be appointed counsel, nor will the Court order an assessment by the

- 8 -

U.S. Probation Office of his "family circumstances."

This the 2nd of November, 2021.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY